**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATURAL RESOURCES DEFENSE
COUNCIL, INC.; THE INTERNATIONAL
FUND FOR ANIMAL WELFARE;
CETACEAN SOCIETY INTERNATIONAL;
LEAGUE FOR COASTAL PROTECTION;
OCEAN FUTURES SOCIETY; JEAN-
MICHEL COUSTEAU,
            *Plaintiffs-Appellees,*

      v.

DONALD C. WINTER, Secretary of
the Navy; UNITED STATES
DEPARTMENT OF THE NAVY; CARLOS
M. GUTIERREZ, Secretary of the
Department of Commerce;
NATIONAL MARINE FISHERIES
SERVICES; WILLIAM HOGARTH,
Assistant Administrator for
Fisheries of the National
Oceanographic and Atmospheric
Administration; CONRAD C.
LAUTENBACHER, JR., Administrator
of the National Oceanographic and
Atmospheric Administration,
            *Defendants-Appellants.*

No. 08-55054

D.C. No.
CV-07-00335-FMC
Central District
of California,
Santa Ana

ORDER

Filed January 16, 2008

Before: Betty B. Fletcher, Dorothy W. Nelson and
Stephen Reinhardt, Circuit Judges.

**ORDER**

The Navy has filed an emergency motion in this court to vacate the preliminary injunction issued by the district court, or alternatively, to partially stay the injunction. To put the matter in context, we briefly set forth its procedural posture.

On August 7, 2007, the district court entered a preliminary injunction prohibiting the Navy from using mid-frequency active sonar (MFA sonar) during the course of the remaining eleven of fourteen large training exercises scheduled to be conducted in the Navy's training ranges off the coast of southern California. On August 31, 2007, a motions panel of this court granted the Navy's motion to stay the preliminary injunction pending appeal. On November 8, 2007, the merits panel heard argument and considered the effect that narrowly tailored mitigation measures might have on the parties' interests. On November 13, 2007, it vacated the stay and remanded to the district court to issue an order by January 4, 2008, "narrow[ing] its injunction so as to provide mitigation conditions under which the Navy may conduct its training exercises." *Natural Res. Def. Council v. Winter*, 508 F.3d 885, 887 (9th Cir. 2007).[1] The Navy stated that its next exercise was scheduled to commence sometime in January. The decision to remand for modification of the preliminary injunction was informed by "the district court's longstanding involvement with this matter and its familiarity with the effectiveness and practicability of available mitigation measures." *Id.*[2]

---

[1] The Navy completed one training exercise after the motions panel granted a stay, but before the merits panel considered the case. The November 13 order kept the motion panel's stay in effect until the completion of an exercise that the Navy was engaged in at the time of the appeal. *Natural Res. Def. Council v. Winter*, 508 F.3d at 887. As a result, the Navy has now completed five of its fourteen scheduled training exercises.

[2] The district court's involvement with this matter began in January 2006, when Plaintiffs first filed an application for a temporary restraining order seeking to enjoin the Navy from using MFA sonar in that year's

The district court issued a revised preliminary injunction on January 3, 2008. It allowed the Navy to use MFA sonar during the remaining exercises, but imposed mitigating measures similar to the type included in the Pacific Rim settlement, although with different requirements. On January 9, 2008, the Navy filed an application with the district court asking that it stay its decision pending appeal and requesting relief by January 14, 2008. In response to arguments raised in the Navy's stay application, the district court narrowed the mitigation measures contained in its January 3, 2008 order and issued a modified preliminary injunction on January 10, 2008. The Navy filed a notice of appeal the following day. On January 14, 2008, the district court denied the Navy's stay application. On the evening of January 15, 2008, the Navy filed its emergency motion to vacate the preliminary injunction or, alternatively, to partially stay the injunction pending decision on its appeal to our court. It requested relief by 2:00 p.m. (PST) on January 18, 2008.

The Navy's motion was based in part on two significant legal developments that took place on the same day that the motion itself was filed, January 15, 2008. These legal developments, which are reflected in the exhibits that accompanied the motion, may affect the district court's preliminary injunction and stay order. First, the President of the United States, pursuant to 16 U.S.C. § 1456(c)(1)(B), exempted from the

biennial training exercise in the Pacific Rim; a complaint was filed in June of that year and a temporary restraining order was issued on July 3, 2006. In that case, pursuant to the district court's order, the parties conferred and negotiated a settlement agreement governing the Pacific Rim exercise. The district court subsequently dismissed the case with prejudice, but retained jurisdiction to oversee compliance with the mitigation measures agreed upon by the parties. In addition to the district court's oversight of the Pacific Rim litigation, that court also recently toured the *USS Milius* at the naval base in San Diego, California, in order to better understand the Navy's training procedures and the feasibility of the parties' proposed mitigation measures for its southern California exercises.

provisions of the Coastal Zone Management Act the Navy's use of MFA sonar during the training activities in southern California, finding that such use of MFA sonar is "essential to national security" and in the "paramount interest of the United States." Second, the Council on Environmental Quality, finding "emergency circumstances," provided for "alternative arrangements" to accommodate those emergency circumstances, pursuant to 40 C.F.R. § 1506.11. It permitted the Navy to follow the prescribed arrangements as a means of complying with the National Environmental Policy Act pending completion of the Navy's Environmental Impact Statement. The Navy has issued a decision adopting the alternative arrangements and determining to proceed under them.

When the district court issued its preliminary injunction on January 3, 2008, and the ensuing amendment on January 10, 2008, and when it denied the Navy's stay application on January 14, 2008, these legal developments had not yet taken place. As a result, the district court has not had an opportunity to consider their effect on its preliminary injunction and, in particular, to consider whether these legal developments merit vacatur or a partial stay of the injunction. Accordingly, we remand to allow the district court in the first instance to determine the effect of these developments on its January 3, 2008 preliminary injunction order, as modified on January 10, 2008, and on its January 14, 2008 stay order.

This panel shall retain jurisdiction over any further motions, requests for relief, or appeals in this matter. We direct the parties simultaneously to furnish copies to this court of any papers or documents filed with the district court in this matter.

**REMANDED.**

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.